**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000120
24-OCT-2014
09:00 AM**

NO. CAAP-12-0000120

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MAY LYNN MAUKELE, Petitioner-Appellee, v.
NICANOR E. CASUMPANG, JR., Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(DC TRO NO. 12-1-0020)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Respondent-Appellant Nicanor E. Casumpang, Jr.
("Casumpang") appeals from the Injunction Against Harassment,
filed on January 30, 2012 in the District Court of the Second
Circuit ("District Court").[1]

On appeal, Casumpang claims that the District Court
erred when it imposed a three-year injunction against him for
harassment. Specifically, Casumpang contends that the District
Court erred in using a subjective reasonable-person test and that
his former co-worker, Petitioner-Appellee May Lynn Maukele
("Maukele"), failed to establish by clear and convincing evidence
that Casumpang's conduct would cause a reasonable person to
suffer emotional distress under Hawaii Revised Statutes ("HRS")
§ 604-10.5(a)(2) (Supp. 2013).[2]

---

[1]    The Honorable Blaine J. Kobayashi presided.

[2]    HRS § 604-10.5 states, in relevant part:

          (a)  For the purposes of this section:

          "Course of conduct" means a pattern of conduct

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments that they advance and the issues that they raise, we resolve Casumpang's point of error as follows and affirm:

Casumpang contends that Maukele failed to demonstrate that Casumpang's conduct would cause a reasonable person emotional distress, as required under HRS § 604-10.5(a)(2). Casumpang does not challenge Maukele's claim that his conduct was an "intentional or knowing course of conduct directed at [Maukele] that seriously alarm[ed,] or disturb[ed] consistently[,] or continually bother[ed her] and serve[d] no legitimate purpose[.]" HAW. REV. STAT. § 604-10.5(a)(2). Thus, the only issues on appeal are whether Casumpang's conduct "would cause a reasonable person to suffer emotional distress[,]" *id.*, and whether the court applied the correct standard in making its determination.

We review the question of whether Casumpang's conduct would cause emotional distress to a reasonable person de novo. *Luat v. Cacho*, 92 Hawai'i 330, 343, 991 P.2d 840, 853 (App. 1999) (citing *State v. Trainor*, 83 Hawai'i 250, 255, 925 P.2d 818, 823 (1996)). We conclude that Maukele's testimony sufficiently provided clear and convincing evidence, which the District Court determined to be credible, that Casumpang's conduct would cause a reasonable person emotional distress. Maukele told the court that Casumpang told her that "I can be your boyfriend" and made sexual comments on a daily basis about the work tools (e.g. in

composed of a series of acts over any period of time evidencing a continuity of purpose.

"Harassment" means:

(1) Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or

(2) An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

HAW. REV. STAT. § 604-10.5(a)(1) and (2).

response to her request for a particular tool, "he would say
. . . Oh, I got the big one here").  Maukele further described an
incident when she was walking through the motor shop and
Casumpang purposefully bumped into her and brushed his arm
against her "top."

Furthermore, Casumpang does not establish, and the
record does not support the assertion, that the District Court
applied a subjective standard in determining that Casumpang's
conduct caused emotional distress.  *Cf. Luat*, 92 Hawai'i at
344-45, 991 P.2d 854-55 (reversing the trial court where the
court's language reflected a misapprehension of the clear and
convincing standard of proof and where the court stated that "you
have to take the petitioner as you find her or him.")  Instead,
the District Court appears to have properly used an objective
reasonable-person standard in evaluating the evidence before it.

THEREFORE,

IT IS HEREBY ORDERED that the Injunction Against
Harassment, filed on January 30, 2012 in the District Court of
the Second Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, October 24, 2014.

On the briefs:

Shawn A. Luiz
for Respondent-Appellant.

Deborah K. Wright and
Keith D. Kirschbraun
(Wright & Kirschbraun)
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge